**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CORY MARCINUK,**

**Plaintiff,**

**v.**

**JACOB J. LEW,**
**Secretary of the Treasury,**

**Defendant.**

**Civil Action No. 13-cv-12722**

**MEMORANDUM AND ORDER**

**CASPER, J.** **January 11, 2016**

## I. Introduction

Plaintiff Cory Marcinuk ("Marcinuk") has filed this lawsuit against Jacob J. Lew ("Lew") in his official capacity as Secretary of the Treasury, alleging that his former employer, the Internal Revenue Service ("IRS"), violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), by failing to rehire him in 2011 in retaliation for filing an Equal Employment Opportunity ("EEO") complaint. D. 1. Marcinuk has now moved for summary judgment, D. 60, and Lew has cross-moved for summary judgment, D. 63. For the reasons stated below, the Court DENIES Marcinuk's motion and ALLOWS Lew's motion.

## II. Standard of Review

The Court grants summary judgment where there is no genuine dispute on any material fact and the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A fact is material if it carries with it the potential to affect

the outcome of the suit under the applicable law." García-González v. Puig-Morales, 761 F.3d 81, 87 (1st Cir. 2014) (quoting Newman v. Advanced Tech. Innovation Corp., 749 F.3d 33, 36 (1st Cir. 2014)) (internal quotation marks omitted). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Rosciti v. Ins. Co. of Pennsylvania, 659 F.3d 92, 96 (1st Cir. 2011). Once that burden is met, the non-moving party may not rest on the allegations or denials in his pleadings, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986), but "must, with respect to each issue on which [he] would bear the burden of proof at trial, demonstrate that a trier of fact could reasonably resolve that issue in [his] favor." Borges ex rel. S.M.B.W. v. Serrano–Isern, 605 F.3d 1, 5 (1st Cir. 2010). The Court "view[s] the record in the light most favorable" to the non-moving party, "drawing reasonable inferences" in his favor. Noonan v. Staples, Inc., 556 F.3d 20, 25 (1st Cir. 2009). "Conclusory allegations, improbable inferences, and unsupported speculation," however, are "insufficient to establish a genuine dispute of fact." Travers v. Flight Servs. & Sys., Inc., 737 F.3d 144, 146 (1st Cir. 2013) (citation and internal quotation mark omitted). "Cross-motions for summary judgment do not alter the basic Rule 56 standard, but rather simply require [the Court] to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed." Adria Int'l Grp., Inc. v. Ferre Dev., Inc., 241 F.3d 103, 107 (1st Cir. 2001).

## III. Factual Background

The following facts are drawn from the parties' statements of material facts, D. 61, D. 64, and unless otherwise noted, are undisputed.

Marcinuk was a full-time IRS employee from January 1997 until November 2007 as a contact representative. D. 64 at 2. In July 2001, Marcinuk filed a physical disability discrimination EEO complaint. Id. In July 2003, an EEO action formally opened. Id. The

matter was resolved in the IRS's favor in September 2004 and closed after an appeal by Marcinuk in March 2006. Id. at 2-3. In November 2007, the IRS terminated Marcinuk. Id. at 4.

In August 2011, the IRS opened a contact representative position and Marcinuk applied. Id.; D. 61 ¶¶ 1-2. In October 2011, the IRS interviewed Marcinuk by phone. D. 64 at 4. He received a Superior Qualified rating, which placed him in a category of candidates given first consideration. Id. In December 2011, the IRS informed Marcinuk that another candidate was hired for the position. Id.

## IV. Procedural History

Marcinuk filed this lawsuit on September 27, 2013. D. 1. On December 30, 2014, the Court partially granted Lew's motion to dismiss under Fed. R. Civ. P. 12(b)(6). D. 41. On October 14, 2015, Marcinuk moved for summary judgment. D. 60. On November 5, 2015, Lew cross-moved for summary judgment. D. 63. On December 9, 2015, the Court heard the parties on their motions and took the matters under advisement. D. 66.

## V. Discussion

### *1. Marcinuk Cannot Establish a Prima Facie Case on Causation*

To make a *prima facie* showing of Title VII retaliation, the plaintiff must show "that [he] engaged in protected conduct, that [he] suffered an adverse employment action, and that a causal nexus exists between the protected activity and the adverse action." Ponte v. Steelcase Inc., 741 F.3d 310, 321 (1st Cir. 2014). Because neither party disputes the first two prongs, whether Marcinuk has established a *prima facie* case turns on the existence of a causal nexus between Marcinuk's alleged protected action and the IRS's alleged adverse action.

"Title VII retaliation claims must be proved according to traditional principles of but-for causation, not the lessened causation test" for Title VII discrimination claims. Univ. of Texas

Sw. Med. Ctr. v. Nassar, __ U.S. __, 133 S. Ct. 2517, 2533 (2013). A plaintiff's retaliation claim thus fails unless the plaintiff can show "that the desire to retaliate was the but-for cause of the challenged employment action." Id. at 2528; see Maldonado-Gonzalez v. Puerto Rico Police, No. 12-cv-1088-PAD, 2015 WL 3900225, at *8 (D.P.R. June 25, 2015) (granting summary judgment for the defendant because there was no "significantly probative evidence" that the adverse action "would not have occurred but for" the plaintiff's protected activity).

"The mere fact that an adverse action was taken after an employee" takes protected action "is not enough" to establish a *prima facie* case. Maymí v. Puerto Rico Ports Auth., 515 F.3d 20, 28 (1st Cir. 2008). Similarly, "[c]hronological proximity does not by itself establish causality." Ponte, 741 F.3d at 322 (citation and internal quotation mark omitted). Where "temporal proximity is the only evidence establishing retaliation, the proximity must be 'very close.'" Holloway v. Thompson Island Outward Bound Educ. Ctr., Inc., 492 F. Supp. 2d 20, 26 (D. Mass. 2007) (quoting Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001)), aff'd, 275 F. App'x 25 (1st Cir. 2008). If other evidence of causation is weak or nonexistent, courts have granted summary judgment for the employer when the events at issue are "widely separated in time." Lewis v. Gillette Co., 22 F.3d 22, 25 (1st Cir. 1994); see Ahern v. Shinseki, 629 F.3d 49, 58 (1st Cir. 2010) (stating that "[w]ithout some corroborating evidence suggestive of causation—and there is none here—a gap of several months cannot alone ground an inference of a causal connection between a complaint and an allegedly retaliatory action"); Mesnick v. Gen. Elec. Co., 950 F.2d 816, 828 (1st Cir. 1991) (affirming summary judgment because being fired approximately nine months after filing an EEO complaint and eighteen months after an informal complaint suggested "the absence of a causal connection").

Marcinuk cannot establish a *prima facie* case of but-for causation here. First, no

temporal proximity exists here. Marcinuk's EEO complaint and the alleged retaliatory refusal to hire is separated by a gulf of ten years.

Second, during this ten-year period, the IRS documented several instances of ethical violations, absenteeism and insubordination, which ultimately led to Marcinuk's termination. Courts hold that intervening events undercut claims of causation. See, e.g., Dressler v. Daniel, 315 F.3d 75, 80 (1st Cir. 2003) (agreeing with the lower court that no reasonable trier of fact could conclude that the sexual harassment charge in 1997 caused the adverse actions in 1999 because the record suggested that events "more recent than the discrimination charge were far more likely" to be the cause of the alleged retaliation); Scott v. Univ. of New Hampshire Co-op. Extension, No. 03-cv-027-M, 2004 WL 235258, at *9 (D.N.H. Feb. 9, 2004) (granting summary judgment on retaliation claim because the plaintiff's more recent decision was "an intervening act that would prevent any reasonable jury from finding that retaliation for [her] letter of complaint . . . was the cause for her dismissal").

Numerous intervening events occurred here. In June 2004, Marcinuk was suspended for three days for violating government ethics. D. 64 at 3. A year later, he was suspended for seven days for failing to observe designated duty hours and break times, failing to request leave properly, being disruptive and leaving the work area without properly notifying his manager. Id. In January 2006, Marcinuk was suspended over similar issues. Id. In performance appraisals from 2005 to 2007, Marcinuk received failing ratings in his workplace interaction and customer satisfaction application in his March 2005 to February 2006 annual rating. Id. During this same period, Marcinuk "more than occasionally fail[ed] to interact in a courteous and professional manner with others to foster and maintain cooperative work relationships." Id. He "dismisse[d] direction from his Lead and Manager as unworthy of his attention" and he "demonstrated an

obvious lack of respect for both in his unwillingness to take suggestions." Id. Charles Clinton ("Clinton"), the selecting official for the 2011 position, id. at 4, knew that Marcinuk had this work history. Id. at 5. In 2007, Clinton witnessed an incident where Marcinuk argued with his manager over proper call procedure. Id. In November 2007, the IRS ultimately terminated him for being absent without leave, not following proper leave requesting procedures, failing to observe designated duty hours and being disruptive at work. Id. at 4.

Finally, Marcinuk cannot show that the IRS would have rehired him in 2011 had he not filed the EEO complaint in 2001. See Wirshing v. Banco Santander De Puerto Rico, 57 F. Supp. 3d 138, 141 (D.P.R. 2014) (stating that the plaintiff has the burden of proving that the defendant took the adverse action "because of [the protected conduct], i.e., that [the] adverse employment action would not have occurred but for [the protected conduct]"). By the time of the 2011 decision not to rehire Marcinuk, the IRS had previously terminated Marcinuk in 2007 for poor performance. Against this backdrop and the decade-long passage of time from his EEO complaint, however qualified Marcinuk may have otherwise been for the 2011 opening, a factfinder thus cannot reasonably conclude that the IRS would have rehired him but for a decade-old EEO complaint.

Marcinuk stresses that Clinton "was aware" of Marcinuk's 2001 EEO complaint. D. 60 at 1. But "knowledge alone cannot provide the causal link." Pearson v. Massachusetts Bay Transp. Auth., 723 F.3d 36, 42 (1st Cir. 2013). If knowledge of the protected conduct was enough, "then a disgruntled employee, no matter how poor his performance or how contemptuous his attitude toward his supervisors, could effectively inhibit a well-deserved discharge by merely filing, or threatening to file, a discrimination complaint." Mesnick, 950 F.2d at 828.

*2. Even Assuming a Prima Facie Case on Causation, Marcinuk Cannot Establish That the IRS's Explanation is Pretext and Retaliation Was the Real Reason*

Even if the Court assumes that Marcinuk has established a *prima facie* case, including but-for causation, he cannot meet his burden to show that the legitimate reason offered for refusing to rehire him was pretext. "In assessing pretext, a court's 'focus must be on the perception of the decisionmaker,' that is, whether the employer believed its stated reason to be credible." Id. at 824 (quoting Gray v. New England Tel. and Tel. Co., 792 F.2d 251, 256 (1st Cir. 1986)). The defendant's reason is legitimate unless the plaintiff can show two things: "both that the reason was false" and "that [retaliation] was the real reason." Hoeppner v. Crotched Mountain Rehab. Ctr., Inc., 31 F.3d 9, 17 (1st Cir. 1994) (citation and internal quotation mark omitted); see Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 26 (1st Cir. 2004) (stating that the plaintiff must show "that the proffered legitimate reason is in fact a pretext and that the job action was the result of the defendant's retaliatory animus").

To survive this hurdle at this summary judgment juncture, Marcinuk "must do more than cast doubt on the rationale" offered by the IRS. Rivera-Aponte v. Rest. Metropol #3, Inc., 338 F.3d 9, 12 (1st Cir. 2003). It is "not enough for [Marcinuk] merely to impugn the veracity of the employer's justification." Mesnick, 950 F.2d at 824. Nor is it enough for Marcinuk to show "that [the IRS was] wrong or tactless." Collazo-Rosado v. Univ. of Puerto Rico, 765 F.3d 86, 92 (1st Cir. 2014). "Courts may not sit as super personnel departments, assessing the merits—or even the rationality—of employers' nondiscriminatory business decisions." Mesnick, 950 F.2d at 825. Instead, Marcinuk must offer evidence "of such strength and quality . . . to permit a reasonable finding that [the adverse action] was *obviously or manifestly unsupported*." Bailey v. Pricewaterhousecoopers, LLP, No. 14-10141-DJC, 2015 WL 7295460, at *6 (D. Mass. Nov. 18,

2015) (quoting Shorette v. Rite Aid of Maine, 155 F.3d 8, 13 (1st Cir. 1998) (emphasis in original and internal quotation marks omitted)).

Marcinuk cannot meet this burden. The IRS contends it declined to rehire Marcinuk due to his uneven work history. In an effort to establish that the IRS's explanation is "false," Hoeppner, 31 F.3d at 17, Marcinuk suggested at oral argument that the IRS fabricated its explanation. Assertions, however, "cannot take the place of proof in the summary judgment calculus." Bennett v. Saint-Gobain Corp., 507 F.3d 23, 31 (1st Cir. 2007). Instead, to demonstrate that a defendant's proffered explanation is a sham, a plaintiff needs to point to the explanation's "[w]eaknesses, implausibilities, inconsistencies, incoherencies, or contradictions." Collazo-Rosado, 765 F.3d at 93. The IRS's reason, however, does not suffer from these flaws. Marcinuk's work issues were well-documented and the reason the IRS asserted for terminating him. No evidence exists to show that the IRS did not in good faith believe that his flaws would still be issues if he returned. See, e.g., Kouvchinov v. Parametric Tech. Corp., 537 F.3d 62, 70 (1st Cir. 2008) (stating that the defendant's "reasonable belief . . . guides the inquiry" and where the plaintiff "has failed to make out a genuine issue as to the reasonableness of [the defendant's belief] . . . the charge of pretext fails").

Even if this Court assumes that Marcinuk is able to "produce evidence beyond the mere assertion that the [IRS's] alleged justification is implausible," Marcinuk must show that a retaliatory animus "actually motivated the adverse employment action." Rosado v. Wackenhut Puerto Rico, Inc., 160 F. App'x 5, 9 (1st Cir. 2005). "Insubordination, aggressive behavior, and tardiness are all legitimate grounds" for termination. Holloway, 492 F. Supp. 2d at 24-25. They are thus also legitimate reasons against rehiring. Statutes that bar retaliation for exercising rights guaranteed by law "do 'not clothe the complainant with immunity for past and present

inadequacies, unsatisfactory performance, and uncivil conduct in dealing with subordinates and with his peers.'" Mesnick, 950 F.2d at 828-29 (quoting Jackson v. St. Joseph State Hosp., 840 F.2d 1287 at 1391 (8th Cir. 1988)).

Here, Clinton testified repeatedly at his deposition that the IRS refused to rehire Marcinuk because of his poor work history. D. 65-2 at 11, 15, 22. Marcinuk nevertheless points out that in one instance, Clinton states that he "took into consideration" that Marcinuk had filed an EEO complaint but that this fact did not "weigh[] into [his] decision-making." D. 65-2 at 15-16. That testimony, however, does not establish that retaliation was the IRS's true reason. More importantly, if Marcinuk is suggesting that his EEO complaint could have been a motivating factor behind the IRS's decision, Nassar requires that the protected action be the but-for cause of the retaliatory conduct. Nassar, 133 S. Ct. at 2530; see Ponte, 741 F.3d at 321 (noting that Nassar "rejected the less stringent standard that the plaintiff must show only that retaliation was a 'motivating factor" in favor of the but-for standard); see, e.g., Moreta v. First Transit of PR, Inc., 39 F. Supp. 3d 169, 181 (D.P.R. 2014) (granting summary judgment because "while his filing of the [anti-discrimination] complaint may have factored into [the employer's] decision making process, given the paucity of evidence regarding retaliatory intent, no reasonable jury could conclude that [the employer] decided to terminate [the plaintiff] 'because of' his protected activity"); see also Garayalde-Rijos v. Muncipality of Carolina, 747 F.3d 15, 25 & n.8 (1st Cir. 2014) (reversing dismissal of failure-to-hire and retaliation claims at the pleading stage, noting that cases cited by district court and defendant regarding temporal proximity concerned summary judgment and noting that the court would "not rule out that some pleadings may allege a temporal gap so attenuated as not to meet the plausibility standard for surviving motions to dismiss"). Although the determination of but-for causation is not, in most circumstances,

particularly suited to disposition at the summary judgment level, Moreta, 39 F. Supp. 3d at 181 (citing Zann Kwan v. Andalex Grp. LLC, 737 F.3d 834, 846 (2d Cir. 2013)), on the developed record in this case as discussed above, summary judgment for the defendant is appropriate here where no reasonable factfinder could conclude that the but-for standard has been satisfied.

## VI. Conclusion

For the foregoing reasons, the Court ALLOWS Lew's motion for summary judgment, D. 63, and DENIES Marcinuk's motion for summary judgment, D. 60.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge